Next case is Katherine Johnson v. OPM, 2008, 3146. Mr. Sanders. Yes, sir. This is a case, as you know, where you have a civil servant who has had 18 years of previous service, who is attempting to obtain civil service disability benefits based on the inability to perform her job in an acceptable manner. At the lower hearing before the Administrative Law Judge, she apparently carried all the requirements except the Administrative Law Judge determined that she had not proven that she was unable to perform her job. And you know our standard of review? Yes, sir. And you knew it before you came in and you've heard a lot of discussion about it? Yes, sir, I have. And I wouldn't be here and know what I've spent my client's money if I didn't feel that the court had the ability to rectify what we believe to be arbitrary and capricious behavior, which is not supported by the evidence. But her job is not, how do I state this in... It's not to re-litigate the matter, but... No, no, no, but her job, how demanding is her job? Her job is quite demanding, Your Honor. Traffic Control Specialist, it seems like she's monitoring where packages go. Am I wrong? Well, you are partially wrong, and you're partially wrong in this way. While that is the title, and it certainly sounds like no more than a clerk, what she does is full stress and tension because she has to be very careful in determining where these things go for the Department of Defense. She has to know what sizes are being packaged and where they're going to fit on rail cars. She has to coordinate all of that with people inside and outside the Department of Defense under very tight time deadlines. Okay. So it is more than a secretarial or a clerical position in that it is performed under a great deal of stress under very tight time deadlines. Now, the claimant in this case started life out with some very severe mental problems, but she was able to carry through for about 18 years, and as she got towards the end of this 18-year period, beginning in 2005, she found out that the stresses attached to that particular job were such that she had to go out for a 30-day medical leave to try and... What's the legal question here? We can be very sympathetic to the individual. We're sympathetic to most individuals that come before us for disability claims. But what's the legal question here that entitles us as a court of appeals following the statute to determine whether the weight of the evidence was properly evaluated? Yes, sir. Whether or not the decision of the administrative law judge is supported by substantial evidence. Substantial evidence we can't reach under Lindahl, right? I think that you have the right to review, because otherwise, why put in any kind of clause about arbitrary and capricious? If your hands are bound automatically... But didn't Lindahl make it pretty clear we can't go into facts? You can go into facts in the sense of re-deciding the case, but I think... But are you reviewing the factual determinations made by the MSPB? Yes, that's correct. We can't do that. I think that you can look at the facts as a whole, because otherwise, there would be no reason to have this body have any kind of jurisdiction... Well, it's still a point of legal error. We certainly can review pure legal questions. If the MSPB should say, for example, that for disability, you need to show that you're missing an arm or a leg, to be silly about it, and we would say, no, disability of the statute doesn't require proof of a missing limb. Legal question. But we certainly can't review, I think Lindahl is very clear on this, we can't review the factual determinations made by the board. So if there's a legal issue, a legal error, other than our judgment as to whether the facts were weighed wrongly, incorrectly, maybe we can get at it, but otherwise not. I understand what the court is saying, and I understand what that case is saying, but what I believe is the reality of the situation is this, that in order to establish arbitrary and capricious behavior, we have to show that there was something that the administrative law judge didn't do correctly. In this case... Can you show us an error of law? I can't show you an error of law except... Well, let me answer it this way if I can. We believe that if you look at the evidence that was in this file, which consisted of the following things, the medical doctors, who were the claims medical doctors, the claimant's testimony, and the testimony in the form of answers to interrogatories of Mr. Thompson, it is clear that the claimant was unable to satisfactorily perform that job. That factual question has already been decided. We cannot review it. So, so far you've only told me that you have no reason to be here. Is there anything else? That's all I can tell you, Judge, because this is just what's there. If that is the position, then that's the position, and I can't add to that, because that is the basis of our claim. I understand your point. Yes, sir. I could talk a long time, but I wouldn't do any good, because that really is what this is all about. Well, we'll save the rest of your time in case there's rebuttal. Thank you. Mr. Harrington. May it please the Court. In light of what I've heard in Petitioner's argument, I have very little to say. Basically, Ms. Johnson, as her counsel appears to admit, challenges the Merit System Protection Board's determination that she was not disabled. Would you recite the Lindahl fact as far as? Yes, Your Honor. Under Lindahl, and this Court applies the Lindahl factors in cases under the Federal Employment Retirement System, the court's review is limited to one case. Lindahl was a CSRS case? It was, Your Honor. And so we apply it to both CSRS and FERS? That's right. The Trevin decision, the Anthony decision, this Court established that. Any other language of the two statutes with respect to disability is somewhat different, I guess. The Court found that the language was similar enough in those decisions that it was. Yeah, I know that there's no dispute on that. Under Lindahl, and as applied to FERS cases, the Court's review is limited to whether there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrator. In other words, it's not a substantial evidence question? That's correct. It is not a substantial evidence question. It's limited to questions of law, and we do not have here a question of law. The Court was equally clear in Smith v. OPM that where there is an allegation that there's supposedly uncontroverted evidence that establishes a disability, that's what the petitioner said in that case, that in reality, that argument is a challenge to the correctness of the Board's factual determination. What statute case did you say, Smith? Smith v. OPM, Your Honor. It's 784-F2-397. I guess we need to cipher that. There must be a lot of Smiths v. OPMs. It's a common name, Your Honor. Let me ask you this, and we have this frequently, in fact, twice today, really. We've had a version of the following argument, and it may be that the Smith case addresses this. I don't know. I haven't read it. But the argument that's made is that even under Lindahl, the notion that a departure, an error going to the heart of the administrative process, I think a language like that, includes not just an ordinary failure, an ordinarily substantial evidence-type issue, but if the administrative judge simply makes a gross misapprehension or mischaracterization or failure to do anything that's even remotely rational weighing of the evidence, in that instance, that triggers the Lindahl exception that allows us jurisdiction. What say you to that? I would say that's not correct, Your Honor. And that is, in fact, essentially what the Court discusses in the Smith case. Okay. The Court there says— Smith was a post-Lindahl case? Yes. 7-84 sounds like it's way back then, but Lindahl, I guess, is getting to be way back. It's a 1986 case. Was Lindahl always 85 or something? I believe so. All right. That's fine. Yes, it was 85. All right. So it was the year after. Okay. And what this Court said in Smith was just because the plaintiff says that the board got it really wrong, you know, says that there was some sort of gross mistake. There they said there was 11—they claimed that there was uncomproverted evidence before the board that it should come out their way. The board got it really wrong. The Court says, look, any competent attorney can turn a factual dispute into a claim that you got it really wrong. And that's not what's being talked about in terms of some light error going to the heart of the administrative determination. I think if you go back to Lindahl, as, frankly, you mentioned in the earlier argument, Lindahl was a case where the Supreme Court addressed whether there was going to be any review at all and decided that, no, we're not going to entirely cut off review, but we are going to allow review of legal errors on appeal. But clearly the question in Lindahl wasn't do you just review legal errors or review legal and factual errors. There was no question in Lindahl that facts, factual disputes were out of the question and were not something under the statute that was passed by Congress that was not conferred on this Court for judicial review. Because there is no legal issue in this case, no allegation of a substantial departure from important procedural rights or misconstruction of the governing legislation, we respectfully request that the Court affirm the decision that the Court allows. Thank you, Mr. Harrington. Mr. Samuels, do you have any rebuttal? Again, the only argument that we can make is that the decision was arbitrary and capricious, not supported by substantial evidence. There was no controverted medical evidence, and simple justice would require that some remedy be availed. In other words, you're not arguing that you come within the window factors, but you're arguing a case on other grounds. Yes. We understand the position. Thank you, Your Honor. Thank you, Mr. Samuels. The case will be taken under advisement. All rise. The Honorable Court is adjourned from day to day.